1

2

3

4

5

6

7

8

9

10                      UNITED STATES DISTRICT COURT

11                      EASTERN DISTRICT OF CALIFORNIA

12

13   JOHN TAYLOR, an individual;        No.  2:14-cv-02007-JAM-CMK
     ANITA TAYLOR, an individual,
14
              Plaintiffs,
15                                       **ORDER GRANTING DEFENDANTS'**
         v.                              **MOTION TO DISMISS**
16
     WELLS FARGO BANK, N.A.; CAL-
17   WESTERN RECONVEYANCE CORP.,

18            Defendants.

19

20        Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Cal-

21   Western Reconveyance Corporation ("Cal-Western") (collectively

22   "Defendants") move to dismiss (Doc. #4) Plaintiffs John and Anita

23   Taylor's (collectively "Plaintiffs") entire complaint (Doc. #1,

24   Exh. A).[1]  The action arises out of a dispute over the

25   foreclosure and sale of a property previously belonging to

26   ───────────────

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28   for October 15, 2014.

                                    1

1    Plaintiffs and the loan modification negotiations and notice
2    preceding that sale.

3

4            I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND
5         In January 2007, Plaintiffs obtained a loan in the amount of
6    $384,000 ("the loan") secured by a deed of trust recorded against
7    property located at 6918 N. Old Stage Road, Weed, California
8    96094 ("the property").  Request for Judicial Notice (Doc. #5),
9    Exh. A.

10        In July 2013, Plaintiffs applied for a loan modification
11   through Defendant Wells Fargo.  Comp. ¶ 10.  When Wells Fargo
12   received Plaintiffs' application, it sent Plaintiffs a letter
13   stating:

14        "[y]ou have requested assistance under the federal
         government's Home Affordable Modification Program
15       ("HAMP") . . . [i]f the loan has been previously
         referred to foreclosure, the foreclosure process will
16       continue.  However, a foreclosure sale will not be held
         and you will not lose your home during this time
17       period."

18   Id.  During this time period, Plaintiffs were also seeking an in-
19   house loan modification through Wells Fargo.  Id. ¶ 11.

20        In September 2013, Plaintiffs received a letter from Wells
21   Fargo denying their application for an in-house modification
22   based on its calculation of Plaintiffs' net present value.  Comp.
23   ¶ 12.  The letter informed Plaintiffs of their right to appeal
24   the denial and stated "[y]our home will not be sold in a
25   foreclosure sale during the appeal period."  Id.  Plaintiffs
26   submitted an appeal of the denial.  Id. ¶ 13.
27   ///
28   ///

1    On October 25, 2013, Wells Fargo sent Plaintiffs a letter
2    acknowledging their appeal and indicating it would "provide a
3    written response to the [appeal] by November 23, 2013."  Comp.
4    ¶ 14.  On November 26, 2013, Wells Fargo filed a Notice of
5    Trustee's Sale against the property.[2]  Id.

6        Plaintiffs allege they never received the Notice of
7    Trustee's Sale and Wells Fargo never gave them a determination on
8    either of their loan modification applications.  Comp. ¶¶ 15-16.
9    On June 2, 2014, Wells Fargo instructed Cal-Western to sell
10   Plaintiffs' property at a trustee's sale at which Wells Fargo
11   took back title to the property.  Id.  Plaintiffs allege they had
12   sufficient funds "to reinstate their loan prior to the sale by
13   paying all amounts in default and would have reinstated the loan
14   had they known that the foreclosure sale would take place."  Id.
15   ¶ 17.

16       Plaintiffs plead five causes of action in their complaint:
17   (1) Wrongful Foreclosure; (2) Negligent Misrepresentation;
18   (3) Fraud; (4) Breach of the Implied Covenant of Good Faith and
19   Fair Dealing; and (5) Quiet Title.  Defendants removed the matter
20   to this Court and filed the present motion.

21

22                    II.   OPINION

23       A.   Request for Judicial Notice

24       Defendants initially request the Court take judicial notice
25   (Doc. #5) of ten exhibits in support of their motion to dismiss.

26
_____
27   [2] Defendants point out, and Plaintiffs appear to concede, that
     the complaint erroneously dates the filing of the notice one
28   month early.  MTD at p. 2; Opp. at p. 2.

                              3

1  In addition, Defendants filed a "Supplemental Request for

2  Judicial Notice" (Doc. #9) in support of their reply, seeking

3  notice of two additional documents.

4       Generally, the Court may not consider material beyond the

5  pleadings in ruling on a motion to dismiss for failure to state a

6  claim.  The exceptions are material attached to, or relied on by,

7  the complaint so long as authenticity is not disputed, or matters

8  of public record, provided that they are not subject to

9  reasonable dispute.  E.g., Sherman v. Stryker Corp., 2009 WL

10 2241664, at *2 (C.D. Cal. 2009) (citing Lee v. City of Los

11 Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid.

12 201). Plaintiffs have not objected to the request for judicial

13 notice and the Court finds that it is appropriate to take such

14 notice of all the requested exhibits other than exhibits K and L

15 since they are not relevant to the Court's determination of this

16 motion.

17      B.   Sanctions for late filing of Plaintiffs' Opposition

18      Local Rule 230(c) provides that opposition to the granting

19 of a motion shall be filed and served not less than fourteen days

20 preceding the hearing date.  The hearing date set for this motion

21 was October 15, 2014.  Plaintiffs' counsel filed the opposition

22 on October 7, 2014, nearly a week late.  Plaintiffs' counsel

23 filed a declaration (Doc. #10) the following day, placing the

24 blame for noncompliance on their email service "somehow" moving

25 the deadline.  Only the Court has the power to move the deadline

26 for briefing.  The Court will consider the arguments presented in

27 the opposition and address the motion on its merits.  However,

28 pursuant to Local Rule 110, the Court hereby sanctions Mellen Law

4

1    Firm, $150 for noncompliance with Local Rule 230(c).

2         C.   Discussion

3              1.   Tender

4         Defendants contend Plaintiffs are not entitled to relief

5    because they have failed to allege an adequate tender.  MTD at

6    pp. 5-6; Reply pp. 3, 10.  Plaintiffs contend the tender rules do

7    not apply and that their claims are viable because they have

8    alleged they would have been able to reinstate the loan and cure

9    the default if they had known of the intent to foreclose.  Opp.

10   at pp. 5-7.

11        This Court has recently addressed the requirements regarding

12   tender in the context of a wrongful foreclosure claim:

13             For a wrongful foreclosure claim, a plaintiff must
               allege that "(1) Defendants caused an illegal,
14             fraudulent, or willfully oppressive sale of the
               property pursuant to a power of sale in a mortgage or
15             deed of trust; (2) Plaintiffs suffered prejudice or
               harm; and (3) **Plaintiffs tendered the amount of the
16             secured indebtedness or were excused from tendering**."
               Nugent v. Fed. Home Loan Mortgage Corp., 2:12-CV-00091-
17             GEB, 2013 WL 1326425, at *7 (E.D. Cal. 2013). . . .  A
               plaintiff may be able to state a wrongful foreclosure
18             claim without full tender, "[i]f, after a default, the
               trustor and beneficiary enter into an agreement to cure
19             the default and reinstate the loan, no contractual
               basis remains for exercising the power of sale."
20             [Barroso v. Ocwen Loan Servicing, LLC, 208 Cal.App.4th
               1001, 1017 (2012)].
21

22   Gilliland v. Chase Home Fin., LLC, No. 2:13-CV-02042 JAM-AC, 2014

23   WL 325318, at *5 (E.D. Cal. 2014) (emphasis added).  The Court

24   has also addressed the requirement in the context of a quiet

25   title claim concluding that "'[a] mortgagor cannot quiet his

26   title against the mortgagee without paying the debt secured.'"

27   Hall v. Mortgage Investors Grp., No. 2:11-CV-00952-JAM, 2011 WL

28   4374995, at *8 (E.D. Cal. 2011) (quoting Dyachishin v. America's

Wholesale Lenders, No. 2:09-CV-02639-JAM-GGH, 2010 WL 1525703, at *2 (E.D. Cal. 2010)).

Plaintiffs have failed to allege their ability to tender the full amount of their indebtedness.  They also have not alleged any agreement with Defendants to cure the default and/or reinstate the loan prior to the foreclosure and sale of the property.  The Court therefore grants Defendants' motion to dismiss Plaintiffs' first cause of action for wrongful foreclosure and fifth cause of action for quiet title.

2.   Negligent Misrepresentation and Fraud

Defendants contend Plaintiffs' claims for negligent misrepresentation and fraud fail on the merits.  MTD at pp. 8-10; Reply at pp. 4-8.  Among other arguments, Defendants contend the claims should fail because Plaintiffs cannot adequately allege damages.  Plaintiffs respond that they have alleged damages for loss of their property, negative credit history, and emotional damages.  Opp. at pp. 11-12.  Plaintiffs contend they were able to, and would have, brought their loan current if not for Defendants' misrepresentations.

The essential elements of fraud are (1) a misrepresentation; (2) knowledge of falsity; (3) intent to induce reliance; (4) actual and justifiable reliance; and (5) resulting damage. Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).  "The essential elements of a count for negligent misrepresentation are the same except that it does not require knowledge of falsity, but instead requires a misrepresentation of fact by a person who has no reasonable grounds for believing it to be true."  Chapman

6

1  v. Skype Inc., 220 Cal. App. 4th 217, 230-31 (2013).  A

2  plaintiff's claim for fraud must also satisfy the heightened

3  requirements of Federal Rule of Civil Procedure 9(b):

4       Rule 9(b) demands that, when averments of fraud are
        made, the circumstances constituting the alleged fraud
5       "be 'specific enough to give defendants notice of the
        particular misconduct . . . so that they can defend
6       against the charge and not just deny that they have
        done anything wrong.'"  Bly-Magee [v. California], 236
7       F.3d [1014,] 1019 [(9th Cir. 2001)] (quoting Neubronner
        v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)).  Averments
8       of fraud must be accompanied by "the who, what, when,
        where, and how" of the misconduct charged.  Cooper v.
9       Pickett, 137 F.3d 616, 627 (9th Cir. 1997).  "[A]
        plaintiff must set forth more than the neutral facts
10      necessary to identify the transaction. The plaintiff
        must set forth what is false or misleading about a
11      statement, and why it is false." Decker v. GlenFed,
        Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541,
12      1548 (9th Cir. 1994).

13

14 Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.

   2003).
15

16      Plaintiffs' negligent misrepresentation and fraud claims

17 rely on two alleged misrepresentations: (1) Defendants told them

   that while a HAMP modification application was being processed,
18
   no foreclosure sale would take place; and (2) Defendants told
19
   Plaintiffs that if Plaintiffs appealed a loan modification
20
   denial, no foreclosure sale would take place during the appeal
21
   period.  Comp. ¶ 30; Opp. at p. 9.
22
        The Court finds that these allegations are insufficient to
23
   maintain these causes of action because Plaintiffs have failed to
24
   adequately allege that they were damaged as a result of these
25
   misrepresentations.  There are no allegations that either
26
   Defendant ever promised Plaintiffs that they would receive a loan
27
   modification or that their failure to pay on the loan was
28
                                    7

1  excused.  By their own allegations, Plaintiffs had the ability to

2  cure their arrearage but failed to do so.  Plaintiffs were

3  already contractually obligated to make loan payments and were

4  aware of the consequences of failing to do so--default and

5  foreclosure.

6      "In the context of mortgage foreclosures, courts applying

7  California law have generally been reluctant to permit borrowers

8  to assert claims arising out of forbearance agreements . . .,

9  whether styled as claims for breach of contract, conversion or

10  fraud.  Reyes v. Wells Fargo Bank, N.A., No. C-10-01667 JCS, 2011

11  WL 30759, at *13 (N.D. Cal. 2011).  Other courts facing similar

12  claims have granted motions to dismiss on these grounds.  See

13  Newgent v. Wells Fargo Bank, N.A., 09CV1525 WQH, 2010 WL 761236,

14  at *6-7 (S.D. Cal. 2010) (finding that because the "Plaintiff was

15  already legally obligated to make payments on her mortgage . . .

16  reliance on the promise that Wells Fargo would delay the

17  trustee's sale was not detrimental"); Zierolf v. Wachovia

18  Mortgage, C-12-3461 EMC, 2012 WL 6161352, at *5-7 (N.D. Cal.

19  2012), appeal dismissed (July 31, 2013) (finding "[t]he risk that

20  one's home loan could go into default and one's home be sold at a

21  foreclosure auction for nonpayment is a remedy provided in the

22  loan agreement itself, not a consequence of allegedly relying on

23  promises to process a loan modification").

24      Applying these cases to the instant case, the Court is

25  compelled to grant Defendants' motion to dismiss Plaintiffs'

26  second cause of action for negligent misrepresentation and third

27  cause of action for fraud based on Plaintiffs' failure to

28  adequately allege damages as a result of the misrepresentations,

1  a necessary element of each claim.

2          3.   Breach of Implied Covenant

3      Defendants contend Plaintiffs have failed to articulate an

4  actionable claim for relief in their fourth cause of action for

5  breach of the implied covenant of good faith and fair dealing.

6  MTD at pp. 10-11.   In their opposition, Plaintiffs concede the

7  deficiencies in this cause of action and merely request leave to

8  amend.   Opp. at p. 12.   The Court grants Defendants' motion to

9  dismiss Plaintiffs' fourth cause of action.

10         4.   Request for Leave to Amend

11     Leave to amend must be freely given, however, the Court is

12 not required to allow futile amendments.   See DeSoto v. Yellow

13 Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Dick v.

14 Am. Home Mortgage Servicing, Inc., CIV. 2:13-00201 WBS, 2013 WL

15 5299180, at *6 (E.D. Cal. 2013).   At this early stage of the

16 proceedings, it is not clear to the Court that amendment would be

17 futile.   Therefore leave to amend the complaint is granted.

18 However, "plaintiffs are admonished that failure to cure the

19 defects identified in this Order will be grounds for dismissal

20 without further leave to amend."   Dick, at *6.

21

22                III.   ORDER

23     For the reasons set forth above, the Court GRANTS

24 Defendants' motion to dismiss WITH LEAVE TO AMEND. Plaintiffs

25 must file their Amended Complaint within twenty days from the

26 date of this Order and Defendants responsive pleading is due

27 within twenty days thereafter.   It is further ordered that

28 within twenty days of this Order, Mellen Law Firm shall pay

                            9

1  sanctions of $150 to the Clerk of the Court for failure to comply
2  with Local Rule 230(c).
3        IT IS SO ORDERED.
4  Dated:  November 14, 2014
5
6                                    _____
                                     JOHN A. MENDEZ,
                                     UNITED STATES DISTRICT JUDGE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    10