UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN TAYLOR, an individual; and ANITA TAYLOR, an individual,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.; CAL-WESTERN RECONVEYANCE CORP., and DOES 1-50, inclusive<br><br>　　　　　Defendants. | No.  2:14-cv-02007-JAM-CMK<br><br>**ORDER GRANTING WELLS FARGO'S MOTION TO DISMISS** |

　　　Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves to dismiss (Doc. #15) Plaintiffs John and Anita Taylor's (collectively "Plaintiffs") first amended complaint ("FAC") (Doc. #14).[1]  The motion is granted for the reasons set forth below.

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for February 11, 2015.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The factual allegations in the FAC are identical to those in the original complaint (Doc. #1, Exh. A) and will not be recounted at length here. In brief, Plaintiffs' claims are premised on alleged misrepresentations by Wells Fargo that it would not foreclose on a property despite Plaintiffs' default on the underlying loan. Plaintiffs allege procedural defects in the foreclosure and subsequent sale of their property and allege they would have reinstated the loan had they known that the foreclosure sale would take place.

The Court dismissed the original complaint in its entirety with leave to amend (Doc. #13). Subsequently, Plaintiffs filed the FAC, restating causes of action for (1) Wrongful Foreclosure; (2) Negligent Misrepresentation; (3) Fraud; and (4) Quiet Title and eliminating the cause of action for Breach of the Implied Covenant of Good Faith and Fair Dealing. Plaintiffs' FAC is nearly identical to the original complaint, contains only minimal and non-substantive changes and fails to cure the defects of the original complaint.

II. OPINION

A. Request for Judicial Notice

Wells Fargo requests the Court take judicial notice (Doc. #16) of numerous exhibits in support of its motion to dismiss.

Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. The exceptions are material attached to, or relied on by, the complaint so long as authenticity is not disputed, or matters

2

of public record, provided that they are not subject to reasonable dispute. E.g., Sherman v. Stryker Corp., 2009 WL 2241664, at *2 (C.D. Cal. 2009) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201).

The Court takes judicial notice of Wells Fargo's exhibits as they are all either public or court records not subject to reasonable dispute, information obtained from government websites, or documents reflecting official acts of the executive branch of the United States. Fed. R. Evid. 201; Williams v. Wells Fargo Bank, NA, No. SA CV 13-0303-DOC, 2013 WL 2047000, at *1 n.3 (C.D. Cal. 2013); Hines v. Wells Fargo Home Mortgage, Inc., No. 2:14-CV-01386 JAM-KJN, 2014 WL 5325470, at *3 (E.D. Cal. 2014).

B.  Discussion

1.  Wrongful Foreclosure

Wells Fargo moves to dismiss Plaintiffs' cause of action for wrongful foreclosure. MTD at pp. 5-9. After carefully reviewing the FAC, the Court finds Plaintiffs have failed to address any of the deficiencies identified by the Court in its previous order dismissing the original complaint and have simply restated the original factual allegations verbatim.

The Court therefore grants Wells Fargo's motion to dismiss Plaintiffs' wrongful foreclosure cause of action for failure to allege the ability to tender the full amount of their indebtedness or a basis for excusing them from the requirement. See Gilliland v. Chase Home Fin., LLC, No. 2:13-CV-02042 JAM-AC, 2014 WL 325318, at *5 (E.D. Cal. 2014). As is clear by

Plaintiffs' failure to amend their pleading in any substantive manner, the Court finds granting Plaintiffs further leave to amend would be futile. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Dick v. Am. Home Mortgage Servicing, Inc., CIV. 2:13-00201 WBS, 2013 WL 5299180, at *6 (E.D. Cal. 2013). As a result, the Court dismisses the claim with prejudice.

### 2.  Negligent Misrepresentation and Fraud

Wells Fargo contends Plaintiffs' claims for negligent misrepresentation and fraud also fail on the merits. MTD at pp. 9-13. Plaintiffs have not addressed the issues the Court cited as fatal to these causes of action in the original complaint. As stated previously, Plaintiffs were already contractually obligated to make loan payments and were aware of the consequences of failing to do so, default and foreclosure. See Zierolf v. Wachovia Mortgage, C-12-3461 EMC, 2012 WL 6161352, at *5-7 (N.D. Cal. 2012), appeal dismissed (July 31, 2013) (finding "[t]he risk that one's home loan could go into default and one's home be sold at a foreclosure auction for nonpayment is a remedy provided in the loan agreement itself, not a consequence of allegedly relying on promises to process a loan modification").

The Court is required to once again grant Defendant's motion to dismiss Plaintiffs' causes of action for negligent misrepresentation and fraud based on Plaintiffs' failure to adequately allege damages as a result of the misrepresentations, a necessary element of each claim. Based on Plaintiffs' repeated failure to adequately state claims for negligent misrepresentation and fraud, the Court finds granting leave to

4

amend would be futile.  See DeSoto, 957 F.2d at 658; Dick, 2013 WL 5299180, at *6.  Both causes of action are therefore dismissed with prejudice.

### 3. Quiet Title

Finally, Wells Fargo moves to dismiss Plaintiffs' cause of action for quiet title.  MTD at pp. 13-14.  In their opposition, Plaintiffs' consent to the dismissal of this claim but request that it be without prejudice.  Opp. at pp. 1, f.n. 1, 3-4.  Plaintiffs also indicate that if they were allowed to file a second amended complaint this claim would be omitted. Given that the Court is not granting leave to amend the other causes of action and this claim would not have been included in an amended complaint, Plaintiff's request is denied.

### III.  ORDER

Defendant's motion to dismiss Plaintiffs' First Amended Complaint is GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: February 12, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5